UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO WALKER,

                Petitioner,

Criminal Case Number 13-20633
Civil Case Number 15-10552
Honorable David M. Lawson

UNITED STATES OF AMERICA,

                Respondent.

_____/

**OPINION AND ORDER GRANTING IN PART MOTION TO REDUCE SENTENCE AND DENYING MOTIONS TO EXPAND THE RECORD AND FOR OTHER RELIEF**

Petitioner Antonio Walker pleaded guilty under a Rule 11 plea agreement to possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and was sentenced to the mandatory minimum sentence of 120 months in prison. The ten-year sentence resulted from an enhancement because of Walker's prior felony drug conviction under the procedure set out in 21 U.S.C. § 851. He did not file a direct appeal, although he alleges in his present motion that if his trial attorney would have consulted with him after the sentencing hearing, he may have done so.

In his present motion to vacate his sentence filed under 28 U.S.C. § 2255, Walker alleges that (1) his rights under the Sixth Amendment were violated because his lawyer failed to raise certain objection and to consult with him about whether to appeal; (2) the indictment violates *Alleyne v. United States*, 570 U.S. 99 (2013), because it does not reference his prior felony drug convictions; (3) the Court violated 21 U.S.C. § 851(b) by failing to ask the petitioner about his previous convictions; and (4) the government failed to comply with 21 U.S.C. § 851(a)(1) because the service of the information on him was defective. The petitioner has also filed a motion to expand the scope of the section 2255 proceedings and for an order directing his attorney to file an affidavit responding

to the allegations in his motion. The government has filed a response opposing the petitioner's motion to vacate his sentence.

An evidentiary hearing is not necessary to resolve the issues raised in the motion. None of Walker's alleged grounds entitles him to relief save one: his attorney's failure to consult with him after sentencing about filing a notice of appeal amounted to deficient performance in violation of the Sixth Amendment's guarantee of counsel. And the present record is sufficient to adjudicate that aspect of the motion in Walker's favor. The Court will vacate the sentence, enter a new judgment of sentence so that Walker's appeal time will commence anew, and appoint new counsel to meet with Walker and file a notice of appeal if instructed. The motion will be denied in all other respects.

I.

The record (including the presentence report) establishes the following facts. In February 2013, a cooperating witness informed law enforcement officers in Macomb County, Michigan that he had been buying heroin from an individual known as "Capone" for approximately two years. Further investigation revealed "Capone" to be petitioner Antonio Walker. In July and August 2013, a confidential informant made two separate purchases of heroin from Walker. He also provided officers with the petitioner's address and information about his vehicle.

On August 12, 2013, officers conducted surveillance of Walker and observed him engage in what appeared to be three separate hand-to-hand drug transactions. Officers then initiated a traffic stop of Walker and searched his person. During the search, the officers found six plastic bags of heroin near the petitioner's groin. Each bag had a red-lips design on them. A short time later, officers executed a search warrant at the petitioner's home in Warren, Michigan and located 206

grams of heroin, a scale, a ceramic cutting plate with a razor, vinyl gloves, a box with 50 rounds of live 9 mm. ammunition, and plastic bags featuring a red-lips design embossed upon them.

On August 27, 2013, a federal grand jury indicted the petitioner, charging him with possession of ammunition as a felon in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute 206 grams of heroin in violation of 21 U.S.C. § 841(a)(1); and conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The government also filed a notice that, if convicted, Walker was subject to a mandatory minimum of ten years in prison under 21 U.S.C. §§ 841(b)(1)(B)(ii)(II) and 851 because of his prior convictions for distributing heroin and cocaine. On November 4, 2013, Walker and his attorney (also named Walker) acknowledged receiving a copy of his indictment, and that he faced a mandatory minimum of ten years in prison if convicted of possession with intent to distribute heroin.

On November 5, 2013, the petitioner pleaded guilty under a Rule 11 plea agreement to possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Both parties acknowledged in the agreement that Walker was subject to a mandatory minimum sentence of 120 months in prison. The plea agreement also contained the following waiver of appeal:

> If the sentence imposed falls within the [120 month] guideline range recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed sentencing issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentencing within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

On February 7, 2014, the parties submitted sentencing memoranda requesting the Court to sentence the petitioner to the mandatory minimum sentence. The Court did so on February 13, 2014,

sentencing the petitioner to a prison term of 120 months. At his sentencing, the Court asked counsel for the petitioner the following:

> Court: Mr. Walker, did you go over the [pre-sentence] report with your client?
> Mr. Walker: I did, your Honor.
> The Court: And did you answer all of his questions?
> Mr. Walker: I believe so, your Honor.
> The Court: Did you explain the guideline scoring and the function of the statutory mandatory sentence?
> Mr. Walker: Yes, your Honor.
> The Court: Very well. Do you have any objections or comments?
> Mr. Walker: I have no objections to the report, your Honor.

Sentencing Tr. [dkt. #48] at 4.

The Court also advised the petitioner that his plea agreement contained a waiver of some of his appeal rights:

> The Court: Mr. Walker, you have a right to appeal your conviction and sentence unless you have waived your right in the plea agreement. There is some appeal waiver language in the plea agreement. Discuss that with Mr. Walker and he can advise you what appeal rights remain. If you do choose to appeal you must prepare and file a notice of appeal within 14 days, that's two weeks [from] today, and if you do not file your notice of appeal with the Clerk of this Court within that time you will lose your right to appeal.
>
> Mr. Walker, do you have any questions about the timing on your appellate rights?
>
> Defendant: No.

*Id.* at 9.

The petitioner did not appeal his conviction or sentence. However, on February 11, 2015, the petitioner filed the present motion to vacate his sentence under 28 U.S.C. § 2255, which he later moved to amend. The grounds the petitioner alleges in his motion are summarized above. As to the

first ground (that his attorney failed to consult with him about an appeal), the petitioner attached an affidavit, which states:

> On February 13, 2014, I was sentenced by the Honorable David M. Lawson and at no time after my federal sentencing did my ex-lawyer Attorney Fred Walker "consult" with me about an appeal and it was clear from my unhappiness with my 10 year sentence as the result of the § 851 enhancement . . . which doubled my mandatory minimum that, I expressed [an] interest in an appeal, therefore my ex-lawyer had a constitutional duty to "consult" with me about filing a notice of appeal. Therefore, I swear and declare that absent my ex-lawyer's failure to "consult", I would have instructed Attorney Fred Walker to file a notice of appeal on my behalf, thus my Sixth Amendment Rights were violated in the case at bar.

Walker Aff. [dkt. #38] ¶ 5.

On June 5, 2015, the government filed a response to the petitioner's motion. The government did not obtain an affidavit from the petitioner's trial attorney, but it did attach the following email from him to its response:

> With regard to the 2255 motion I reviewed the Plea Agreement before the entry of the guilty plea. I reviewed the sentencing procedure and the Plea Agreement with Mr. Walker before the sentencing. I did not speak with Mr. Walker after the sentencing because I had to be somewhere else. I informed Mr. Walker of this before the sentencing and let him know that was the reason I would not be meeting with him afterwards. He voiced no objection. Also, I spoke with his girlfriend often during this time. There was no issue with contacting me. If she had called me I would have answered and if she had left me a message I would have called her back. If she had informed me that he wanted to file an appeal I would have done so. If he had informed me that he wanted to appeal I would have done so. Neither of them ever informed me that Mr. Walker wanted to file an appeal.

Gov't Resp., Ex. 1 [dkt. #55-1].

On July 7, 2015, the petitioner filed a motion to order his trial attorney to file an affidavit in response to his allegations of ineffective assistance of counsel.

-5-

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998). However, a claim that "cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Claims of ineffective assistance of counsel are properly raised in a section 2255 motion. *United States v. Graham*, 484 F.3d 413, 421-22 (6th Cir. 2007) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)).

A. Ineffective Assistance of Counsel

The petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his attorney, Fred Walker, failed to consult with him about whether to appeal his sentence. The government does not maintain that the defendant's attorney did not fail to consult with him about filing an appeal. That fact appears to be uncontested. Instead, the government alleges that it was the defendant who failed to communicate with his attorney regarding any potential

appeal. But the government has not furnished any factual material to rebut the petitioner's affidavit averring that he was so dissatisfied with his sentence that any reasonable attorney would have made a point of meeting with his client to discuss an appeal. Walker never asserted, however, that he gave his lawyer explicit instructions to file a notice of appeal.

To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

1.

It is well-established that a lawyer who disregards specific instructions from a defendant to file an appeal renders constitutionally ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). On the other hand, counsel is not ineffective if a defendant explicitly tells his attorney not to file an appeal. *Ibid.* This case involves neither scenario. The government concedes that the petitioner's trial attorney did not consult with the petitioner about whether to file an appeal. And the petitioner does not allege that he specifically instructed his attorney to file an appeal. Instead, Walker alleges that his trial attorney should have consulted with him about whether to file an appeal after he expressed dissatisfaction with his 10-year sentence and asked many questions about his sentencing enhancement under 21 U.S.C. § 851.

In *Flores-Ortega*, the Court addressed this very scenario. Although the Court noted that "the better practice is for counsel routinely to consult with the defendant regarding the possibility of appeal," it stopped short of declaring, "as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."

528 U.S at 479. Instead, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The Court noted that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Ibid.* However, "[e]ven in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Ibid.*

The question whether the defendant might have a viable appellate issue does not govern the deficient performance inquiry. And it is not dispositive on the question of prejudice, either. Meritorious appellate issues may furnish circumstantial evidence on whether counsel breached a duty to consult with his or her client. But the defendant need not make such a showing to demonstrate ineffective assistance. That is because a defendant will satisfy *Strickland*'s prejudice element by "demonstrat[ing only] that, but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, 528 U.S at 486; *see also Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Flores-Ortega* and "noting that 'it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal'").

Has Walker shown here that his attorney provided ineffective assistance by failing to consult with him about an appeal after the sentencing hearing? As noted above, *Flores-Ortega* furnishes two routes to the answer to that question.

a.

*First*, route number one is closed to the petitioner, because the record does not show that a rational defendant would want to appeal this case. Walker does not suggest otherwise. In the Rule 11 plea agreement, the government and Walker agreed that he faced a ten-year mandatory-minimum sentence because of prior felony drug convictions. The petitioner agreed to waive the right to appeal his conviction (but not timely-raised sentencing issues) if he received the mandatory-minimum sentence, and the parties urged the Court to sentence the petitioner to the lowest prison term allowed under the statute. The Court agreed with the parties and sentenced the petitioner to a term of imprisonment of 120 months, while noting that the statute constrained the Court from imposing a lesser sentence. *See* Sentencing Tr. [dkt. #48] at 7 ("The guideline range, I think, given the defendant's background is appropriate; that is, the guideline range before the statutory mandatory minimum came into effect, and my view is that the minimum sentence in this case under the statute exceeds the need and is greater than necessary to achieve the goals in section 3553(a), and therefore, my view is that the sentence is propelled by the statutory minimum sentence, which I would not impose, except Congress mandates it under those circumstances."). The petitioner did not object to the sentence at his sentencing hearing despite being given an opportunity to do so — likely because the Court imposed the most lenient sentence under the circumstances and the very sentence the petitioner had requested.

A rational defendant would not want to appeal that sentence. And there were no adverse pretrial rulings that could have been raised on appeal. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that a valid guilty plea in a criminal proceeding generally forecloses claims arising from the alleged deprivation of constitutional rights occurring before the entry of the plea); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

b.

*Second*, however, the record here tends to show that Walker "reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S at 480. The government disputes that point, largely relying on the email from the petitioner's counsel. But that (unsworn) statement does not address any conversation counsel had with his client (the petitioner) after the sentence was pronounced. Indeed, counsel acknowledged that he *never* talked to the petitioner again after the court proceeding. He says that he would have filed a notice of appeal if asked. But, despite the petitioner's expressed dissatisfaction with the ten-year prison sentence handed down, counsel never talked to him about his options.

The petitioner, although acknowledging that he never gave explicit instructions to perfect an appeal, avers in his affidavit that he "expressed [an] interest in an appeal." That assertion is unrebutted on this record with any sworn testimony. That "interest," coupled with the petitioner's manifest dissatisfaction with the outcome of the case, is sufficient to trigger counsel's obligation to advise the petitioner "about the advantages and disadvantages of taking an appeal, and making a

reasonable effort to discover [his] wishes." *Flores-Ortega*, 528 U.S. at 478. The failure to do so here amounts to deficient performance.

2.

As noted above, Walker need not show that he had a meritorious appellate issue to demonstrate prejudice under *Strickland*. "Instead, deficient performance in this context causes prejudice because it causes the 'denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right.'" *Campbell*, 686 F.3d at 357 (quoting *Flores-Ortega*, 528 U.S. at 483). As the Sixth Circuit has held, "the defendant need only 'demonstrate that, but for counsel's deficient conduct, he would have appealed.'" *Ibid.* (quoting *Flores-Ortega*, 528 U.S. at 486). Walker has satisfied that requirement.

Because Walker did not receive effective assistance of counsel after sentencing, the Court will vacate the judgment of sentence. The Court will issue a new judgment and commitment order after new counsel is appointed to represent Walker under the Criminal Justice Act. Walker's new attorney will be able to consult with him and advise him "about the advantages and disadvantages of taking an appeal." And new counsel can file a notice of appeal within the new time limit established after the judgment and commitment is filed, if Walker instructs him to do so.

B. Challenge to the Indictment

The count of conviction in this case — possession with intent to distribute 100 grams or more of heroin — was based on an indictment that included the citation of the violation — 21 U.S.C. § 841(a) — but not the penalty citation — 21 U.S.C. § 841(b)(1)(B). The petitioner argues that the indictment violates *Alleyne v. United States* because it omitted a specific reference to the penalty citation. He also contends that the indictment is defective because it does not list his prior felony

drug convictions as an element of the offense or that he faced a sentencing enhancement as a result. The Court disagrees.

It is settled law that an indictment charging a controlled substance offense that carries a mandatory minimum sentence must charge facts that support the increased sentence. *United States v. Powell*, 847 F.3d 760, 782 (6th Cir. 2017) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). That rule applies not only to increases in the potential maximum sentence, but also to mandatory minimum sentences, as well. *Alleyne*, 570 U.S. at 112 (holding that "*Apprendi* applies with equal force to facts increasing the mandatory minimum"). The indictment in this case charges the type (heroin) and quantity (206 grams) of the controlled substance, which was necessary to trigger the mandatory minimum sentence in this case. *See* 21 U.S.C. § 841(b)(1)(B)(i). The indictment did not include the citation to the penalty provision, but, although it would have been prudent to do so, there was no requirement that the penalty citation be included when the appropriate facts are alleged, and the citation for the *violation* is included. Fed. R. Crim. P. 7(c)(1) ("For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."). Even if the citation is erroneous, it "is not fatal to the conviction . . . if the defendant knew the nature of the charges against him." *United States v. Groff*, 643 F.2d 396, 402 (6th Cir. 1981) (citing *United States v. West*, 562 F.2d 375 (6th Cir. 1977)).

Nor is there a requirement that the grand jury include prior convictions in the indictment, even when they are used to enhance a penalty. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that the fact of a prior conviction does not need to be listed in the indictment and proven beyond a reasonable doubt. Although the Court in *Alleyne* held that "any fact

that increases the mandatory minimum" for an offense is an "element" of that offense that must be charged in the indictment and found by a jury beyond a reasonable doubt, the Court explicitly declined to overrule *Almendarez-Torres*. 570 U.S. at 111 n.1 ("In *Almendarez-Torres* . . ., we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."). Following *Alleyne*, the Sixth Circuit has held that *Almendarez-Torres* remains good law. *See United States v. Davis*, 591 F. App'x 473, 475 (6th Cir. 2015) ("[T]he Supreme Court [has] specifically noted that its decision [in *Alleyne*] did not extend to prior convictions, that *Almendarez-Torres* remains good law and that it has 'long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.'") (quoting *Alleyne*, 570 U.S. at 111 n.1, 116); *United States v. Carrillo-Alvardo*, 558 F. App'x 536, 547 (6th Cir. 2014) ("*Almendarez-Torres* is still good law, even post-*Alleyne*."); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013) ("Although *Almedarez-Torres* may stand on shifting sands, the case presently remains good law and we must follow it until the Supreme Court expressly overrules it."); *United States v. Wynn*, 531 F. App'x 596, 597 (6th Cir. 2013) ("Despite Wynn's argument to the contrary, the Court's decision in *Alleyne v. United States* . . . did not undermine the rule set forth in *Almendarez-Torres*.").

The petitioner's prior convictions were not required to be presented to a jury or included in the indictment. There was no basis to challenge the indictment before trial. The petitioner's argument that his attorney violated *Strickland* fails as a matter of law because he cannot establish the defective performance component of the claim. The failure to file a meritless motion or raise a groundless objection does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious

claim" (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

### C. Penalty Enhancement Procedures

Next, the petitioner argues that the Court violated 21 U.S.C. § 851(b) by failing to ask him about his right to challenge his prior felony conviction. The record does not support that argument.

The procedures governing the use of prior convictions in sentencing are set forth in 21 U.S.C. § 851. "Congress enacted section 851 as a measure of protection against section 841's harsh sentence enhancement mechanisms." *United States v. Hill*, 142 F.3d 305, 312 (6th Cir. 1998) (citing *United States v. Novey*, 922 F.2d 624, 628 (10th Cir. 1991)). Under subsection (a)(1) of the statute, a person cannot be "sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Further, the statute requires a defendant to file a written response if he "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid." 21 U.S.C. § 851(c)(1). The statute also imposes a duty upon the district court:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

The Court complied with both requirements under the statute. At his plea hearing, the petitioner affirmed that he had been previously convicted as alleged in the information:

> Mr. Bolling: Was the Court intending to inquire into the circumstances surrounding the prior conviction?
> The Court: Yes. I was going to get to that. Mr. [attorney] Walker, are you satisfied with the factual basis on that point?
> Mr. Walker: Yes, your Honor.
> The Court: All right. Now, you had a prior conviction for drug distribution, did you not, Mr. [defendant] Walker?
> The Defendant: Yes.
> The Court: Tell me about that, please.
> The Defendant: I served a year and a day in 2010 in a federal penitentiary.
> The Court: All right. Were you convicted in this District?
> The Defendant: Yes.
> The Court: And what was the crime?
> The Defendant: Distribution of heroin, conspiracy, crack cocaine base.
> The Court: Did you plead guilty or did you go to trial?
> The Defendant: Pled guilt[y].
> The Court: And do you remember what Judge that was in front of?
> The Defendant: Steeh.
> . . .
> The Court: All right. Are you satisfied with that aspect, Mr. Bolling?
> Mr. Bolling: Yes, your Honor.
> The Court: Mr. Walker?
> Mr. Walker: Yes, your Honor.
> The Court: All right. Now, Mr. Antonio Walker, after hearing a recitation of your rights and being advised about the penalties that can be imposed is it still your intention to plead guilty?
> The Defendant: Yes.
> The Court: And do you still want me to accept your plea?
> The Defendant: Please.

Plea Hearing Tr. [dkt. #47] at 25-26 (Nov. 5, 2013).

The Court also complied with the second requirement under the statute when it informed the petitioner at his plea hearing that he must raise any challenge to a prior conviction before he is sentenced:

> The Court: The government has filed a penalty enhancement information in this case, which alleges that you have a prior felony drug conviction. You have a right

> to challenge that enhancement, but you must do so before the sentencing in this case. You could challenge that enhancement, for example, by contesting whether your old conviction was, in fact, a qualifying conviction, or you might challenge that by saying it wasn't really you that was named in that conviction. Whatever the challenge is, you have a right to object to it, but if you do not object before the sentencing hearing you waive your right to challenge that. Do you understand that?
> The Defendant: Yes, sir.

*Id.* at 21-22.

The petitioner's objection to his sentence on this ground is without merit because the record establishes that the Court complied with the requirements under 21 U.S.C. § 851(b). Because the Court complied with the requirements under 21 U.S.C. § 851(b), the petitioner cannot establish the defective performance component of his claim under *Strickland*.

### D. Service of Section 851 Information

Additionally, the petitioner argues that the government failed to comply with 21 U.S.C. § 851(a)(1) when it served him with the information.

Under 21 U.S.C. § 851(a)(1), the government must "complete two simple tasks *before* the entry of a guilty plea in order to give the district court the authority to enhance a sentence." *United States v. Pritchett*, 496 F.3d 537, 551 (6th Cir. 2007) (Cook, J., dissenting). First, the government must "file[] an information with the court . . . stating in writing the previous convictions" that it is relying on for the sentencing enhancement. 21 U.S.C. § 851(a)(1). "*File* means to 'deliver a legal document to the court clerk or record custodian for placement into the official record.'" *Pritchett*, 496 F.3d at 551. Second, the government must "serve[] a copy" of the information on the defendant or his attorney. 21 U.S.C. § 851(a)(1). "The requirements delineated in § 851 are mandatory, and a district court cannot enhance a defendant's sentence based on a prior conviction unless the

-16-

government satisfies them." *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997) (citing *United States v. Williams*, 899 F.2d 1526, 1529 (6th Cir. 1990)).

On October 31, 2013, the government electronically filed the sentencing enhancement information with the Clerk of Court. *See* Sentencing Enhancement Information [dkt. #29]. However, the petitioner argues that the government was required to secure consent from him before filing the information electronically. He is mistaken. Under the local rules, "all papers must be filed electronically." E.D. Mich. LR 5.1.1. The government satisfied the first requirement of 21 U.S.C. § 851(a)(1) when it electronically filed the sentencing enhancement information.

On November 4, 2013, the government personally delivered to the petitioner and his lawyer a copy of the indictment and filed a receipt signed by the petitioner and his attorney acknowledging that they were served with a copy of it. In the acknowledgment, the petitioner stated that he is aware that, if convicted of counts two or three, he faced a mandatory minimum sentence of ten years in prison. Acknowledgment of Indictment [dkt. #31]. The government satisfied the second requirement of 21 U.S.C. § 851(a)(1) when it served the petitioner with a copy of the indictment.

Because the government satisfied the requirements under 21 U.S.C. § 851(a)(1), the petitioner cannot establish the deficient performance component of *Strickland*. The petitioner's claim of ineffective assistance of counsel based on his attorney's failure to object to the service of the section 851 information is meritless.

### E. Motion to Expand the Record

Lastly, the petitioner has filed a motion to expand the scope of the section 2255 record. The petitioner argues in the motion that the email from his attorney that the government attached to its response brief does not comply with Rule 5 of the Rules Governing Section 2255 Cases. The

petitioner asks the Court to order his former attorney to submit a sworn affidavit responding to the petitioner's allegations of ineffective assistance of counsel.

"Unlike the habeas corpus statutes (see 28 U.S.C. §§ 2243, 2248) § 2255 does not specifically call for a return or answer by the United States Attorney or set any time limits as to when one must be submitted." Advisory Committee Note to 1976 Amendments to Rule 5, Rules Governing § 2255 Proceedings. "The general practice, however, if the motion is not summarily dismissed, is for the government to file an answer to the motion as well as counter-affidavits, when appropriate." *Ibid.* Additionally, although "the judge may direct the parties to expand the record by submitting additional materials relating to the petition," Rule 7, Rules Governing § 2255 Proceedings, "[i]t is less likely that the court will feel the need to expand the record in a § 2255 proceeding than in a habeas corpus proceeding, because the trial (or sentencing) judge is the one hearing the motion . . . , and should already have a complete file on the case in his possession," Advisory Committee Note to 1976 Amendments to Rule 7, Rules Governing § 2255 Proceedings.

There is no need to order the petitioner's attorney to file an affidavit. The record is sufficient to grant the petitioner relief on the only ground asserted in the motion that might be affected by any conceivable "expansion" of the record.

### III.

Petitioner Walker has demonstrated an entitlement to relief on one of the grounds asserted in his motion to vacate sentence. The Court will vacate the sentence, appoint new counsel to consult with the petitioner about an appeal, reimpose the same sentence, and enter a new judgment and commitment order, which will allow the petitioner's appeal time to start anew. The petitioner has not shown that he is entitled to relief from his convictions or his sentences on any other grounds.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt. #38] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the sentence is **VACATED**.

It is further **ORDERED** that the case is referred to the federal defender office for appointment of counsel under the Criminal Justice Act.

It is further **ORDERED** that the petitioner's motion to expand the record [dkt. #58] is **DENIED**.

It is further **ORDERED** that the motions for disposition and to refer the case to a magistrate judge for a hearing [dkt. #60, 61] are **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 14, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI